# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES EX REL.,** | : | CIVIL ACTION NO. **1:11cv825** |
| **DR. G. DARYL HALLMAN** | : | |
| | : | JUDGE: **MICHAEL R. BARRETT** |
| Plaintiff/Relator | : | |
| vs. | : | |
| **MILLENNIUM RADIOLOGY, INC., et al.** | : | |
| Defendants | : | |

### PLAINTIFF/RELATOR'S MOTION IN LIMINE TO ESTABLISH THE PROPER MEASURE OF DAMAGES AND TO PREVENT DEFENDANTS FROM ARGUING OR OFFERING EVIDENCE OF THE AMOUNT THE GOVERNMENT WOULD HAVE OTHERWISE PAID FOR THE SERVICES RENDERED, THAT NO PATIENT HARM OR UNNECESSARY PROCEDURES OCCURRED, OR THAT THEIR KICKBACK RELATIONSHIP REDUCED THE COST OF PATIENT CARE

Now comes Plaintiff/Relator and hereby requests this Court to enter an order establishing the proper measure of damages in this case, and precluding Defendants from arguing or offering testimony contrary to that measure of damages and to prevent Defendants from arguing or offering evidence of the amount the government would have otherwise paid for the services rendered, that no patient harm or unnecessary procedures occurred, or that their kickback relationship reduced the cost of patient care.  A memorandum in support of said motion follows herein.

        RESPECTFULLY SUBMITTED,

        /S/  Mark J. Byrne
        **MARK J. BYRNE (0029243)**
        **KENNETH F. SEIBEL (0025168)**
        JACOBS, KLEINMAN, SEIBEL & McNALLY LPA
        *Trial Attorneys for Plaintiff-Relator*
        Cincinnati Club Building
        30 Garfield Place
        Cincinnati, OH  45202
        Phone:  (513) 381-6600
        Fax:     (513) 381-4150
        Email:   mbyrne@jksmlaw.com
                kseibel@jksmlaw.com

Of Counsel:

BRIAN E. HURLEY (0007827)
LAWRENCE E. BARBIERE (0027106)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
*Trial Attorneys for Plaintiff-Relator*
5300 Socialville-Foster Road, Suite 200
Mason, OH 45040
Phone: (513) 583-4200
Fax:   (513) 583-4203
E-Mail: bhurley@smbplaw.com
    lbarbiere@smbplaw.com

A. DENNIS MILLER (0018721)
BRADLEY A. POWELL (0034478)
DRODER & MILLER CO., LPA
*Attorney for Plaintiff-Relator*
125 W. Central Parkway
Cincinnati, OH  45202
Tele  (513) 721-1504
Fax   (513) 721-0310
E-Mail:  admiller@drodermiller.com
       bpowell@drodermiller.com

## **MEMORANDUM**

      The Federal Rules of Evidence govern the admissibility of evidence at trial and require that evidence be relevant to be admissible.  Relevant evidence is defined as "evidence having any

2

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence." Fed. R. Evid. 401.  "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  Rule 403 permits the exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" Fed. R. Evid. 403.

A motion in limine may be used to exclude prejudicial evidence before it is presented to the jury. *United States v. Chan*, 184 F. Supp.2d 337, 340 (S.D.N.Y. 2002).  The practice of ruling on motions in limine "has developed pursuant to the District Court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed. 2d 443 (1984); *Thomas and Marker Constr. Co. v. Wal Mart Stores*, 2008 U.S. Dist. LEXIS 102075, p.*1 (S.D. Ohio, Nov. 30, 2008).  Motions in limine allow the Court to rule on evidentiary issues prior to trial in order to avoid delay and hone pertinent issues for the jury's consideration.  *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *Jonasson v. Lutheran Child & Family Servs.,* 1156 F.3d 436, 440 (7th Cir. 1997).

This Court must protect the jury from confusion and misleading information with respect to the proper measure of damages at this Trial.  The measure of damages applicable to a violation of the Anti-Kickback Statute ("AKS") and False Claims Act ("FCA") is quite clear: the proper measure of damages in an FCA case predicated on an AKS violation is <u>the full amount of each tainted claim</u>. *United States v. Rogan*, 517 F.3d 449, 453 (7th Cir. 2008) [Emphasis added].[1]  The Court must enter an order establishing this measure of damages, and instruct the jury that this is the measure of damages.

---

[1] This issue is the subject of Relator's motion for summary judgment. (Doc. 301) and is more fully developed in that pleading.

In addition, this Court must preclude Defendants from presenting any of the following evidence, as it would confuse the jury and/or would invite the jury to consider other measures of damages contrary to federal law.

### A. Evidence of the Amount the United States Would Have Otherwise Paid For Services.

AKS is concerned not just with *how much* the government pays, but *who receives* a given federal healthcare dollar.  The government is harmed when it gives a dollar to a doctor or hospital due to a kickback, because without the kickback, it would have given the dollar to a doctor or hospital who followed the law. Inflated prices are not the only evil the AKS seeks to address.

As Judge Easterbrook explained in *United States v. Rogan,* 571 F.3d 449 (7th Cir. 2008):

> Nor do we think it important that most of the patients for which claims were submitted received some medical care – perhaps all the care reflected in the claim forms. . .  The government offers a subsidy (from the patients' perspective, a form of insurance), with conditions. When the conditions are not satisfied, nothing is due.  Thus the entire amount that Edgewater received on these 1,812 claims must be paid back.  Now it may be that, if the patients had gone elsewhere, the United States would have paid for their care.  Or perhaps the patients, or a private insurer, would have paid for care at Edgewater had it refrained from billing the United States.  But neither possibility allows Rogan to keep money obtained from the Treasury by false pretenses, or avoid the penalty for deceit.

571 F.3d at 453.

Any evidence presented by Mercy that the government would have paid the same price absent kickbacks does not have "any tendency to make a fact more or less probable than it would be without the evidence" nor is it "of consequence in determining the action."  Fed. R. Evid. 401. Even if such an argument were true, such evidence would not affect the damages in this case according to federal law.  Because "[i]rrelevant evidence is not admissible," any evidence supporting these assertions should be excluded under Federal Rule of Evidence 402.

4

B.  **Evidence that Defendants' Kickback Arrangement Did Not Result In Harm To Patients Or The Government By Unnecessary Procedures**

At no point in this lawsuit has Hallman ever alleged or suggested that Mercy's scheme harmed patients or that any of the radiology services were not medically necessary.  Indeed, legislative history of the AKS indicates that medical necessity was not the purpose of the statute and would otherwise be nearly impossible to prove.  H. Rep. 95-393, 95th Cong., 1st Sess. at 47, *reprinted in* 1977 U.S.C.C.A.N. 3039, 3050 ("Furnishing excessive services is probably the most costly non-criminal abuse faced by health benefit programs.  At the same time, it is relatively difficult to prove and correct.  Since the medical needs of a particular patient can be highly judgmental, it is difficult to identify program abuse as a practical manner unless the overutilization is grossly unreasonable.")

Hallman does not claim that patients were given radiology services they did not need or that they were given more services than they needed.  Nor does Hallman claim that Mercy provided sub-par services or that patients were harmed by the services that Mercy provided.  Consequently, evidence or argument that (1) Mercy provided necessary services; (2) Mercy provided high quality and/or effective services; and/or (3) Mercy's scheme caused no harm to patients; should be excluded.  Such evidence is irrelevant based on the true measure of damages in this case, and would most certainly confuse and/or mislead the jury with respect to this issue.

A simple reading of the text of the AKS reveals that Congress did not include a requirement that Relator prove harm or substandard care.  *See United States ex rel. Fry v. The Health Alliance*, 2008 U.S. Dist. LEXIS 102411*,* paras. 14-15 (S.D. Ohio Dec. 18, 2008) ("the AKS includes no requirement of proof that a kickback arrangement harmed patients or resulted in unnecessary procedures.   The statute imposes liability for payment practices that did not fall within "Safe

Harbor" regulations 42 C.F. R. Section 1001.952, so as to remove financial incentives that can result in unnecessary patient care.")  See also *United States v. Patel*, 778 F.3d 607, 615 (7th Cir. 2015) (the lack of any harm to the Medicare system is irrelevant in interpreting a violation of the AKS); *United States ex rel. Pogue v. American Healthcorp, Inc.*, 914 F.Supp.1507 (M.D. Tenn. 1996) (concluding that a False Claims Act violation based on a violation of the AKS does not require the government to prove harm).

Accordingly, Defendants should be precluded from asserting any argument or presenting evidence that their unlawful scheme did not compromise patient care, increase the cost of services, cost the government more money, or result in any unnecessary procedure.

### C. Evidence that Mercy Reduced Costs To Patients And/Or the Government By Not Paying a Subsidy To MRI For Medical Director Services

Mercy's failure to pay a subsidy to MRI for medical director services was patently illegal. Any evidence or argument that this illegal act reduced costs for patients and/or the government as a rationale for this illegal undertaking must be excluded.  Such an argument seeks to prey on the emotions of the jury by posturing an illegal scheme as a well-intentioned effort to reduce patient costs.  That is absurd.  Despite being disingenuous, such an argument is completely irrelevant to the issue of damages set forth under federal law, and must be excluded.  Additionally, no foundation exists which would allow a jury to conclude that Mercy's actions in refusing to pay for MRI's free medical director services or providing a subsidy under the PSA reduced patient costs.

### CONCLUSION

In conclusion, Plaintiff/Relator seeks an Order from this Court establishing the following:

1. The proper measure of damages for a violation of the AKS and FCA is the full amount of each paid claim;

2. Defendants are precluded from presenting any evidence or making any argument related to the amount the United States would have paid for services if the claims were not in violation of federal law;

3. Defendants are precluded from presenting any evidence or making any argument related to the absence of any patient or government harm, the necessity of services provided under the 2011 PSA, and/or the quality of services provided by the Defendants; and,

4. Defendants are precluded from presenting any evidence or making any argument related to the proposition that their unlawful scheme reduced patient costs.

RESPECTFULLY SUBMITTED,

/S/  Mark J. Byrne
**MARK J. BYRNE (0029243)**
**KENNETH F. SEIBEL (0025168)**
JACOBS, KLEINMAN, SEIBEL & McNALLY LPA
*Trial Attorneys for Plaintiff-Relator*
Cincinnati Club Building
30 Garfield Place
Cincinnati, OH  45202
Phone:  (513) 381-6600
Fax:     (513) 381-4150
Email:   mbyrne@jksmlaw.com
         kseibel@jksmlaw.com

Of Counsel:

BRIAN E. HURLEY (0007827)
LAWRENCE E. BARBIERE (0027106)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
*Trial Attorneys for Plaintiff-Relator*
5300 Socialville-Foster Road, Suite 200
Mason, OH 45040
Phone: (513) 583-4200
Fax:   (513) 583-4203
E-Mail: bhurley@smbplaw.com
        lbarbiere@smbplaw.com

A. DENNIS MILLER (0018721)
BRADLEY A. POWELL (0034478)
DRODER & MILLER CO., LPA
*Attorney for Plaintiff-Relator*
125 W. Central Parkway
Cincinnati, OH 45202
Tele (513) 721-1504
Fax (513) 721-0310
E-Mail: admiller@drodermiller.com
bpowell@drodermiller.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded via electronic mail to the following this 7th day of October, 2016:

Glenn V. Whitaker, Esquire
Joseph M. Brunner, Esquire
Victor A. Walton, Esquire
Jacob Mahle, Esqire
Jeffrey Miller, Esquire
Vorys Sater Seymour & Pease, LLP
302 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
E-Mail: gvwhitaker@vorys.com
jmbrunner@vorys.com
vawalton@vorys.com
jdmahle@vorys.com
jmiller@vorys.com
*Attorneys for Defendants*

Andrew M. Malek, Esquire
Assistant United States Attorney
Southern District of Ohio
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Email: Andrew.Malek@usdoj.gov

    /s/ Mark J. Byrne
    Mark J. Byrne (0029243)